**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| PRIME COLORANTS, INC. | ) | BK No. 09-14215-GP3-11 |
| | ) | |
| Debtor. | ) | |

**EXPEDITED MOTION FOR AUTHORITY TO
USE CASH COLLATERAL**

Prime Colorants, Inc. (the "Debtor") files this Expedited Motion for Entry of Order Authorizing Use of Cash Collateral (the "Motion") pursuant to 11 U.S.C. § 363, and Rules 4001(b) and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") seeking Court approval and authorization for the immediate interim and final use of cash collateral. The following is offered in support of this Motion:

**SUMMARY OF RELIEF REQUESTED**

1. The Debtor requests that immediate interim authorization for use of cash collateral be given pursuant to Bankruptcy Rule 4001(b)(2) to allow it to use cash on hand and proceeds from sales for ordinary and necessary operating expenses of its business, as more fully set forth in the preliminary operating budget attached hereto as Exhibit A (the "Budget").

2. This matter must be handled on an expedited basis because the Debtor believes its business operation and reorganization efforts will suffer immediate and irreparable harm if it is not allowed to use cash collateral during the next thirty (30) days (the "Interim Period"). The Debtor cannot meet its daily operating expenses unless it is permitted to use cash.

3. Notice of this Expedited Motion has been served by e-mail to the Office of the U.S. Trustee (ustpregion08.na.ecf@usdoj.gov) and fax (615) 736-2260; by e-mail to counsel for

Cadence Bank, Ernest B. Williams, IV (erniewilliams@ewivlaw.com), and fax (615) 372-0993; and, by U.S. Mail, postage prepaid, to the aforementioned parties in accordance with Fed. R. Bankr. P. 4001(b) in addition to the parties on expedited service list attached hereto.

4. The Debtors request that the Court grant immediate authority to use cash collateral, shorten the time for filing objections to this Motion and the continued use of cash collateral, and set an interim hearing for Tuesday, December 15, 2009, or as soon thereafter as the Court's calendar will allow.

## INTRODUCTION

5. On December 13, 2009 (the "Petition Date"), the Debtor commenced the above-captioned case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

6. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334. The subject matter of this motion is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(A) and (M). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## COMPANY HISTORY AND BACKGROUND

7. The Debtor is a Tennessee Corporation with its principal office located at 150 Alpha Drive, Franklin, Tennessee. The Debtor is in the business of manufacturing color concentrates. The concentrates are then sold to other manufacturers in the plastics industry for incorporation into their products, which are sold in the retail and wholesale marketplace.

8. The Debtor believes that Cadence Bank (the "Lender") is the only entity that asserts an interest in the Debtor's cash collateral. As of the Petition Date, the total amount owed to the Lender was approximately $3,265,663.00.

## REQUESTED RELIEF

9. By this Motion, the Debtor requests interim and final authorization for use of cash collateral pursuant to Bankruptcy Rule 4001(b)(2) to allow the use of cash on hand and proceeds from sales for ordinary and necessary operating expenses of their business in accordance with the attached Budget. The Debtor also requests that the Court schedule a hearing on the interim use of cash collateral.

10. The Debtor believes a security interest in cash collateral may exist in favor of the Lender. The Debtor has not had sufficient time to determine the validity, priority, enforceability, and/or extent of the liens. Accordingly, the Debtor does not take a position regarding those issues as part of this Motion and reserves any and all rights with respect thereto. For purposes of the Motion only, the Debtor assumes that the claimed liens, to the extent that they are claimed, are valid.

11. In order to continue operations during the course of this case, which continued operations are absolutely necessary to maximize the value of the Debtor's assets, the Debtor must continue to use cash collateral.

12. In connection with its operations, the Debtor incurs expenses which include, but are not limited to, purchase of inventory, payroll, rent, utilities, taxes, supplies, insurance, and other operational and capital costs (the "Operating Expenses").

13. The Debtor has attached a budget setting forth its estimated receipts and operating expenses during the next thirty (30) days of operation.

14. It is crucial for the Debtor to have the use of cash collateral to pay its employees and other ordinary and necessary operating expenses in order to (a) avoid disruption of its

workforce; (b) maintain business relations and loyalty; (c) maintain its market presence; and (d) preserve the going concern value of the Debtor while the company formulates and implements a plan of reorganization.

15. As for adequate protection for the use of cash collateral as set forth in the Budget, the Debtor hereby offers a post-petition replacement lien to the Lender pursuant to and in accordance with 11 U.S.C. §§ 361(2) and 552(b), in all prepetition collateral including, but not limited to, all inventory, accounts, deposits, and deposit accounts: (a) to the extent of cash collateral actually expended; (b) on the same assets and in the same order of priority as currently exists; and (c) with Debtor's and Lender's full reservation of rights with respect to the issues set forth in paragraph 10 above.

16. As the Debtor's Budget, contrasting "projected sales" against "projected collections," results in a diminution in the value of the Lender's accounts collateral during the period of time represented by the Budget, the Debtor must retain and maintain its deposit relationships with the Lender in the manner existing pre-petition in order to provide a measure of adequate protection to the Lender. The Lender and the Debtor are currently negotiating a potential post-petition financing facility pursuant to 11 U.S.C. §364.

17. In addition to the expenses listed on the Budget, the Debtor requests that it be permitted to use cash to pay all quarterly fees of the United States Trustee as they come due.

18. The Debtor is seeking an Order authorizing the immediate interim use of cash collateral pursuant to Bankruptcy Rule 4001(b)(2) pending a final hearing on this Motion. The Debtor meets the five-part test for immediate use of cash collateral as set forth in the Committee Note following Bankruptcy Rule 4001: (a) the Emergency Motion sets forth the amount of cash collateral sought to be used; (b) it sets forth the names and addresses of the entities the Debtor

believes have or claim an interest in and to the cash collateral; (c) it identifies the entity that is in control of the cash collateral; (d) it sets forth the facts demonstrating the immediate need for the use of cash collateral; and (e) it sets forth the adequate protection being offered to the Lender.

19. This Motion is supplemented by the Declaration of Gary Himebaugh filed simultaneously herewith. Mr. Himebaugh is the Controller Secretary.

20. By this Motion, the Debtor also requests final approval, following a final hearing, to use cash collateral throughout the course of this case.

WHEREFORE, the Debtor respectfully requests the entry of an Order authorizing the Debtor's use of cash collateral in accordance with the Budget pending an interim hearing in this matter, shortening the time for filing objections to this Motion and the continued use of cash collateral, setting an interim hearing on this Motion for December 15, 2009, or as soon thereafter as possible; granting the Debtors final approval to use cash collateral following a final hearing on this Motion; and granting such other and further relief as is just and appropriate.

Respectfully submitted,

/s/ Timothy G. Niarhos_____
Timothy G. Niarhos
321 29th Avenue North
Nashville, TN 37203
615-320-1101 – Telephone
615-320-1102 – Facsimile
tim@niarhos.com
*Attorney for Debtor*

### CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the foregoing has been served in the manner indicated in Paragraph 3 of this Motion on the 13th day of December, 2009.

/s/ Timothy G. Niarhos_____
Timothy G. Niarhos